UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE SCHMUTTER, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR.<br><br>      Defendants. | Case No. 1:21-cv-11016-NRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE ARRIVAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR.<br><br>      Defendants. | Case No. 1:22-cv-00172-DG-RLM |

1

Movants Bruce Schmutter ("Schmutter"), Dean Samet ("Samet"), and Faris Alqahtani ("Alqahtani") (collectively, the "Arrival Investor Group," or "the Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidation of the above-captioned actions (the "Related Actions")[1]; (2) appointing the Arrival Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons other than Defendants in the Related Actions ("Defendants") who purchased or otherwise acquired common shares of Arrival, SA ("Arrival" or the "Company") stock between November 18, 2020 and November 19, 2021, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiffs' selection of Lowey Dannenberg, P.C. ("Lowey") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint in the first-filed case, *Schmutter et al v. Arrival SA et al.*, No. 1:21-CV-11016 ("*Schmutter* Action"), alleges that Arrival and certain of its officers and executives, including Defendants Denis Sverdlov, Arrival's Founder and Chief Executive Officer ("CEO"); Michael Ableson, Arrival's CEO of Automotive, Tim Holbrow, Arrival's Senior Vice President, Strategic Finance; and Avinash Rugoobur, Arrival's President and director (collectively, "Individual Defendants," and together with the Company, "Defendants") defrauded investors in violation of the Exchange Act. Arrival investors, including the Group, incurred losses following the disclosure of the alleged fraud, which caused the prices of Arrival securities to fall sharply, damaging the Group and other Arrival investors.

---

[1] The Related Actions comprise of: (i) the first-filed case, *Schmutter et al v. Arrival SA et al.*, No. 1:21-CV-11016 filed on December 22, 2021 (ECF No. 1) and (ii) *Sanchez v. Arrival SA et al.*, No. 1:22-CV-00172 ("*Sanchez* Action") filed on [January 12, 2022 (ECF No. 1) in Eastern District of New York. The Related Actions arise from the same or substantially the same facts.

Pursuant to the PSLRA, the court must appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of Arrival securities during the Class Period, Schmutter incurred losses of approximately $23,445.13, Samet incurred losses of approximately $45,523.61, and Alqahtani incurred losses of approximately $51,628.74. Collectively, the Investor Group incurred losses of approximately $120,597.48. *See* Declaration of Andrea Farah in Support of Motion ("Farah Decl."), Ex. A. Accordingly, Movants believe that they have the largest financial interest in the relief sought in the Related Actions.

In order to fulfill their obligations as Lead Plaintiffs and vigorously prosecute the Consolidated Action on behalf of the Class, Movants have selected Lowey as Lead Counsel for the Class. Lowey is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Accordingly, Movants respectfully submit that they should be appointed Lead Plaintiffs, and that their selection of experienced class action counsel, Lowey Dannenberg, as Lead Counsel for the Class should be approved.

## STATEMENT OF THE FACTS

As alleged in the Complaint of the *Shmutter* Action, ECF No. 1, Arrival (formerly Arrival Luxembourg S.à r.l.) was founded in 2015 as a private company headquartered in London, UK. Arrival is a manufacturer and distributor of commercial electric vehicles ("EVs"), including vans, cars, and buses. Arrival develops vertically integrated technologies and products that create a new approach to the assembly of EVs. According to Arrival, its proprietary in-house developed components, materials, software and robotic technologies, combined with low capital expenditure and rapidly scalable microfactories, enable Arrival to produce EVs that are competitively priced to traditional fossil fuel

vehicles and with a substantially lower total cost of ownership for customers.

On March 24, 2021, Arrival consummated a business combination (the "Merger") with CIIG Merger Corp. ("CIIG"). Prior to its business combination with Arrival, CIIG was a special purpose acquisition company ("SPAC"), also known as a "blank check" company, incorporated for the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. Upon the consummation of the Merger, CIIG changed its name from CIIG to Arrival Vault US Inc. On March 25, 2021, the Company's common stock and warrants began trading on NASDAQ under symbols "ARVL" and "ARVLW," respectively. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company would record a substantially greater net loss and adjusted EBITDA loss in the third quarter of 2021 compared to the third quarter of 2020; (ii) the Company would experience far greater capital and operational expense to operate and deploy its microfactories and manufacture EV vehicles than it had disclosed; (iii) the Company would not capitalize on or achieve profitability or provide meaningful revenue in the time periods disclosed; (iv) the Company would not achieve its disclosed production and sales volumes; (v) the Company would not meet the disclosed production rollout deadlines. Accordingly, the Company materially overstated its financial and operational position and/or prospects, and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

Investors learned the truth about the real status of Arrival's financial and operational health through a series of disclosures beginning on November 8, 2021. On November 8, 2021, Arrival announced the Company's financial results for the third quarter of 2021, including a loss of €26 million (compared to a loss of €22 million during the same quarter a year earlier), and adjusted EBITDA loss

3

for the quarter of €40 million (compared to a loss of €18 million in the third quarter of 2020). The Company also pulled its 2022 revenue goals and significantly scaled back its long-term projections, pushing its production and sales timeline into later time periods.

On this news, shares of Arrival plummeted $4.33, or 24%, to close at $13.46 on November 10, 2021 on unusually high trading volume.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a); *see also* MANUAL FOR COMPLEX LITIGATION (THIRD) § 20.123 (1995). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *See In re GE Sec. Litig.,* No. 09 Civ. 1951 (DC)*,* 2009 WL 2259502, at *1–3 (S.D.N.Y. June 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. *See generally Schmutter,* ECF No.1; *Sanchez* Action*,* ECF No.1. Each action is brought against the Company, as well as the Individual Defendants, in connection with violations of the federal securities laws. Additionally, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued

4

materially false and misleading statements and omissions that artificially inflated the price of Arrival's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Therefore, Consolidation of the Related Actions is appropriate. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) ("when complaints in securities actions 'are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced'" (quoting *Mitchell v. Complete Mgmt., Inc,.* No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999)).

## II. THE EXCHANGE ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

Section 21D(a)(3)(A)(i) of the Exchange Act provides that, within 20 days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 .S.C. § 78u-4(a)(3)(A)(i).

The first-filed action was filed by plaintiffs Schmutter and Samet on December 22, 2021. On or about December 22, 2021, counsel for Movants caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA. *See* Farah Decl., Ex. B. The notice advised members of the Class of the pendency of the action, the claims asserted, the Class Period, and that anyone who wished to serve as lead plaintiff needed to make a motion to the Court until February 22, 2022—*i.e.*, 60 days—from the date of the notice. *See id.* Accordingly, the notice satisfies all the requirements of the PSLRA.[2]

---

[2]   Additional notices were issued by counsel for plaintiffs in the subsequently filed *Sanchez* Action.

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the most adequate plaintiff is the person or group of persons, that:

    (aa) has either filed the complaint or made a motion in response to a notice;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

    (aa) will not fairly and adequately protect the interests of the class; or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the Court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### III. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

Movants should be appointed Lead Plaintiffs for the Class because, to their knowledge, they have the largest financial interest in the Related Actions and otherwise satisfy the requirements of Rule 23. As set forth below, Movants satisfy all three of these criteria and are thus entitled to the presumption that they are the most adequate plaintiff and, therefore, should be appointed Lead Plaintiffs for the Class.

A.  **Movants Are Willing To Serve As Class Representatives And Have Timely Filed This Motion To Be Appointed Lead Plaintiffs**

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  Movants have timely filed the instant motion pursuant to the PSLRA Notice and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See* Farah Decl., Ex. C.  Movants therefore satisfy the first prong of the lead plaintiff test.

B.  **Movants Have The "Largest Financial Interest" In The Relief Sought By The Class**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Movants have the largest financial interest of any Arrival investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, the courts frequently assess the financial interest based upon the factors articulated by the Northern District of Illinois in *Lax v. First Merchants Acceptance Corp.* No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *Id.* at *5. The courts in this District have time and again applied these factors. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).  With respect to the final *Lax* factor, the amount of claimed losses, courts consider this factor as most determinative in identifying the plaintiff with the largest financial loss.  *Richman v. Goldman Sachs Grp.,*

*Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011) ("[T]he Lax factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.").

As set forth in detail in Movants' Loss Calculation Chart, during the Class Period, Movants: (1) purchased 11,535 shares of Arrival; (2) expended $252,636.61 on purchases of Arrival securities; (3) retained 6,500 of their shares of Arrival securities; and (4) incurred losses of $120,597.48 in connection with their transactions in Arrival securities. *See* Farah Decl., Ex. A. To the extent that Movants possess the largest financial interest in the outcome of this litigation, they are the presumptively the "most adequate" plaintiff(s). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Movants Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. *In re OSI Pharm., Inc. Sec. Litig.,* No. 04-CV-5505 JS ETB, 2005 WL 6171305, at *4 (E.D.N.Y. Sept. 21, 2005). Instead, "[t]he parties moving for lead plaintiff are only required to make prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); see also *Kaplan v. Gelfond,* 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Here, the Movants' claims are typical of those of the Class. Movants allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Arrival. Movants, like all members of the Class, purchased Arrival's securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Arrival's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean*

9

*Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018).

Movants are adequate representatives for the Class. There is no antagonism between the interests of the Movants and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Additionally, Movants have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions, such as the Consolidated Action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Bruce Schmutter, Dean Samet, and Faris Alqahtani constitute an appropriate group of the type routinely appointed to serve as Lead Plaintiffs.  See, e.g., *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp.*, PLC, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups, and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

## IV.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly- selected lead plaintiff's decisions as to counsel selection

and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) Here, Movants have selected Lowey to serve as Lead Counsel for the Class.

### A. The Court Should Appoint Lowey as Lead Counsel for the Class

As reflected by Lowey's firm resume, Lowey is highly experienced in securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Farah Decl., Ex. D. Most recently, Lowey served as Lead Counsel to represent the Lead Plaintiff, the New York City Funds, and the certified class in a consolidated securities fraud action against one of the nation's largest hospital systems. *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 11-cv-0433 (M.D. Tenn.). On December 15, 2017, the Sixth Circuit Court of Appeals unanimously reversed the district court's dismissal of the amended complaint in that action and upheld the timeliness of the claims for an expanded class period. *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 877 F.3d 687 (6th Cir. 2017), *cert. denied*, 139 S. Ct. 310 (2018). In this important litigation, Lowey ultimately achieved a $53 million settlement, which was finally approved in all respects on June 19, 2020, concluding nearly nine years of hard-fought litigation. United States District Judge Eli Richardson commended Lowey's efforts at the final approval hearing finding that "*counsel for plaintiff has been diligent, very diligent, has worked very hard, knows the case, knows the facts, is very experienced in these sorts of securities fraud class actions, and has gone to the mat for their client for many years.*" *See* Farah Decl., Ex. D at 2.

As a result of Lowey's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Lowey has the skills and knowledge necessary to enable the effective and expeditious prosecution of these Related Actions. Thus, the Court may be assured that by approving Movants' selection of counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidation of the above-captioned Related Actions; (2) appointing Schmutter, Samet, and Alqahtani as Lead Plaintiffs for the Class; and (3) approving proposed Lead Plaintiffs' selection of Lowey as Lead Counsel for the Class.

Dated: February 22, 2022　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　*/s/ Andrea Farah*
　　　　　　　　　　　　　　　　　　　　　Andrea Farah

　　　　　　　　　　　　　　　　　　　　　**LOWEY DANNENBERG, P.C.**
　　　　　　　　　　　　　　　　　　　　　Margaret MacLean
　　　　　　　　　　　　　　　　　　　　　Andrea Farah
　　　　　　　　　　　　　　　　　　　　　David C. Harrison
　　　　　　　　　　　　　　　　　　　　　Jennifer Tembeck
　　　　　　　　　　　　　　　　　　　　　44 South Broadway, Suite 1100
　　　　　　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　　　　　　Telephone: 914-997-0500
　　　　　　　　　　　　　　　　　　　　　Email: mmaclean@lowey.com
　　　　　　　　　　　　　　　　　　　　　　　　　afarah@lowey.com
　　　　　　　　　　　　　　　　　　　　　　　　　dharrison@lowey.com
　　　　　　　　　　　　　　　　　　　　　　　　　jtembeck@lowey.com
　　　　　　　　　　　　　　　　　　　　　*Counsel for Lead Plaintiff Movants and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I, Andrea Farah, hereby certify that on February 22, 2022, I authorized a true and correct copy of the foregoing to be electronically filed with the clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Andrea Farah*
Andrea Farah