UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRUCE SCHMUTTER and DEAN SAMET, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR,<br><br>     Defendants. | Civil Action No. 1:21-cv-11016-NRB<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

4878-3893-5567.v1

## I. INTRODUCTION

The above-captioned case is a putative securities class action on behalf of purchasers or acquirers of Arrival SA ("Arrival" or the "Company") common stock who were allegedly damaged by defendants' materially false and misleading statements in violation of the Securities Exchange Act of 1934 (the "1934 Act").[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Yangchen Shi respectfully submits that he is the presumptively most adequate plaintiff in this case because he filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Shi's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Founded in 2015 as a private company headquartered in London, UK, Arrival is a manufacturer and distributor of commercial electric vehicles ("EVs"), including vans, cars, and buses.  On March 24, 2021, Arrival consummated a business combination with CIIG Merger Corp. ("CIIG").  Prior to its business combination with Arrival, CIIG was a special purpose acquisition company, also known as a "blank check" company, incorporated for the purpose of entering into a

---

[1]   There is also a substantially similar action that was filed on January 12, 2022 in the Eastern District of New York that is currently pending before Judge Gujarati. *See Sanchez v. Arrival SA*, No. 22-cv-00172 (E.D.N.Y.). Mr. Shi is also filing a lead plaintiff motion in the *Sanchez* Action and, if appointed lead plaintiff, will seek to coordinate the actions in one forum.

- 1 -

merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. Upon the consummation of the merger, CIIG changed its name to Arrival Vault US Inc. On March 25, 2021, Arrival's common stock and warrants began trading on NASDAQ under the symbols ARVL and ARVLW, respectively.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Arrival would record a substantially greater net loss and adjusted earnings before interest, taxes, depreciation, and amortization ("EBITDA") loss in the third quarter of 2021 compared to the third quarter of 2020; (ii) Arrival would experience far greater capital and operational expense to operate and deploy its microfactories and manufacture EVs than it had disclosed; (iii) Arrival would not capitalize on or achieve profitability or provide meaningful revenue in the time periods disclosed; (iv) Arrival would not achieve its disclosed production and sales volumes; (v) Arrival would not meet the disclosed production rollout deadlines and, accordingly, Arrival materially overstated its financial and operational position and/or prospects, and (vi) as a result, Arrival's public statements were materially false and misleading at all relevant times.

On November 8, 2021, Arrival announced its financial results for the third quarter of 2021, including a loss of €26 million (compared to a loss of €22 million during the same quarter a year earlier), and adjusted EBITDA loss for the quarter of €40 million (compared to a loss of €18 million in the third quarter of 2020). Arrival also pulled its 2022 revenue goals and significantly scaled back its long-term projections, pushing its production and sales timeline into later time periods. On this news, shares of Arrival fell by approximately 24%.

Then, on November 17, 2021, Arrival announced a $200 million offering of green convertible senior notes due 2026, intended to finance the development of EVs. On the same day, Arrival announced the commencement of an underwritten public offering of 25 million ordinary shares pursuant to a registration statement on Form F-1 filed with the U.S. Securities and Exchange Commission in a bid to raise around $330 million in cash. On this news, Arrival shares dropped an additional 8%, further damaging investors.

As a result of defendants' wrongful acts and omissions, Mr. Shi and other Arrival investors have suffered substantial losses.

## III.     ARGUMENT

### A.     Mr. Shi Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on December 22, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Shi meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Shi's Motion Is Timely

The December 22, 2021, statutory notice of the first-filed *Schmutter* Action advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by February 22, 2022. *See* Rosenfeld Decl., Ex. A. Because Mr. Shi's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2. Mr. Shi Has a Substantial Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Shi purchased 33,281 shares of Arrival common stock and suffered approximately $83,980 in losses. *See* Rosenfeld Decl., Exs. B, C. To the best of Mr. Shi's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Shi satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Shi Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Mr. Shi satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of Arrival common stock and suffered a loss as a result of defendants' alleged misconduct. Indeed, like all other class members, Mr. Shi: (1) purchased Arrival common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, Mr. Shi's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. Moreover, Mr. Shi's interests are aligned with the putative class. He has amply demonstrated his adequacy by signing a sworn Certification and submitting a Declaration detailing his ability and willingness to serve as, and to assume the responsibilities of, class representative. *See* Rosenfeld Decl., Exs. B, D. Mr. Shi's Declaration – which sets forth his residence, education, and professional background – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess his ability to satisfy Rule 23's prerequisites. *See* Rosenfeld Decl., Ex. D. Finally, as explained below, Mr. Shi has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Shi filed a timely motion, has a large financial interest in the relief sought by the class, is typical and adequate of the putative class, and selected qualified counsel (as set forth below) the Court should adopt the presumption that he is the "most adequate plaintiff."

### B. The Court Should Approve Mr. Shi's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Shi has selected Robbins Geller to serve as lead counsel in this case.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as

---

[2] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."); *Lopez*, 2015 WL 2431484, at *3 ("Having reviewed [Robbins Geller's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel.); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

In the last two years alone, Robbins Geller has recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[3]  And, while trials in

---

[3] *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery

shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

As such, Mr. Shi's selection of Robbins Geller as lead counsel is reasonable and should be approved.

### IV. CONCLUSION

Mr. Shi has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Shi respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  February 22, 2022            Respectfully submitted,

                                                  ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
                                                SAMUEL H. RUDMAN
                                                DAVID A. ROSENFELD

                                                       *s/ David A. Rosenfeld*
                                                  DAVID A. ROSENFELD

                                              58 South Service Road, Suite 200
                                              Melville, NY  11747
                                              Telephone:  631/367-7100
                                              631/367-1173 (fax)
                                              srudman@rgrdlaw.com
                                              drosenfeld@rgrdlaw.com

---

for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 22, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ David A. Rosenfeld
    DAVID A. ROSENFELD

    ROBBINS GELLER RUDMAN
       & DOWD LLP
    58 South Service Road, Suite 200
    Melville, NY  11747
    Telephone:  631/367-7100
    631/367-1173 (fax)

    E-mail:  drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-11016-NRB Schmutter et al v. Arrival SA et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Andrea Farah**
  afarah@lowey.com,jpedersen@lowey.com,8091312420@filings.docketbird.com,rgupta@lowey.com,agreco@lowey.com,ylu@lowey.com

- **David Charles Harrison**
  dharrison@lowey.com,9728768420@filings.docketbird.com

- **Margaret Ciavarella MacLean**
  mmaclean@lowey.com,7661904420@filings.docketbird.com

- **Stacy Nettleton**
  stacy.nettleton@weil.com,mco.ecf@weil.com,stacy-nettleton-5386@ecf.pacerpro.com,nymao@ecf.pacerpro.com

- **John A. Neuwirth**
  john.neuwirth@weil.com,mco.ecf@weil.com,nate.montalto@weil.com,john-neuwirth-7904@ecf.pacerpro.com,ripley.shiarella@weil.com,nymao@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`