**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE SCHMUTTER and DEAN SAMET, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, <br><br> Defendants. | Case No. 1:21-cv-11016-NRB <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
ALEXANDRE LIOUBININE FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL</u>**

# **TABLE OF CONTENTS**

|  |  | **PAGE** |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| SUMMARY OF THE ACTION | | 3 |
| ARGUMENT | | 5 |
| A. | Mr. Lioubinine Should Be Appointed Lead Plaintiff | 5 |
| | 1. Mr. Lioubinine's Motion Is Timely | 5 |
| | 2. Mr. Lioubinine Has The Largest Financial Interest In The Relief Sought By The Class | 6 |
| | 3. Mr. Lioubinine Satisfies The Requirements Of Rule 23 | 6 |
| B. | The Court Should Approve Mr. Lioubinine's Selection Of Lead Counsel | 10 |
| CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Chung v. Eargo, Inc.*,
  No. 3:21-cv-08597-CRB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) ..............................................11

*Dookeran v. Xunlei Ltd.*,
  2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ..........................................................................7

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................................7, 8

*Homyk v. ChemoCentryx, Inc.*,
  No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022) ...........................................11

*In re Kit Digital, Inc. Sec. Litig.*,
  293 F.R.D. 441 (S.D.N.Y. 2013) ...........................................................................................10

*In re Mattel, Inc. Sec. Litig.*,
  2021 WL 4704578 (C.D. Cal. Oct. 6, 2021) ..........................................................................11

*In re Myriad Genetics, Inc. Sec. Litig.*,
  2021 WL 5882259 (D. Utah Dec. 13, 2021) .........................................................................11

*Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) ............................................................................................6

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin.
  Holdings Ltd.*,
  2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011) ..........................................................................7

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
  No. 3:21-cv-00444-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) ........................................11

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
  2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) .......................................................................11

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) .............................................................................................9

*Yoshikawa v. Exxon Mobil Corp.*,
  No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021) .............................................11

**RULES AND STATUTES**

Fed. R. Civ. P. 23(a)(4) ....................................................................................................................7

15 U.S.C. § 78u-4 *et seq.* ....................................................................................... *passim*

Alexandre Lioubinine respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Mr. Lioubinine as Lead Plaintiff; (2) approving his selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) granting any further relief that the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned action (the "Action") alleges that from November 18, 2020 through November 19, 2021, inclusive (the "Class Period"), Arrival SA ("Arrival" or the "Company") and certain of the Company's senior executives (collectively, "Defendants"), defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 (17 C.F.R. § 240.10b-5).[1]  Arrival purports to manufacture commercial electric vehicles ("EVs"), which the Company produces in small-to-medium scale, highly automated and technologically advanced facilities, known as microfactories. On March 24, 2021, Arrival became a publicly traded company through a business combination (the "Merger") with CIIG Merger Corp. ("CIIG"), a special purpose acquisition company, or "SPAC."  The Action alleges that Arrival investors, including Mr. Lioubinine, incurred significant losses following revelations that Arrival's microfactory rollout was not progressing as well as the Company represented, causing Arrival to significantly scale back its projections for EV production volumes and revenue in 2022 and forcing the Company to raise additional capital.

---

[1] In addition to the above-captioned action, a securities class action against the same Defendants alleging virtually identical claims during the same Class Period was filed in the United States District Court for the Eastern District of New York. *See Sanchez v. Arrival SA*, No. 1:22-cv-00172-DG-RLM (E.D.N.Y. filed Jan. 12, 2022) ("*Sanchez*"), ECF No. 1.  Mr. Lioubinine is simultaneously moving for appointment as Lead Plaintiff in the *Sanchez* action.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Mr. Lioubinine is the "most adequate plaintiff" by virtue of, among other things, the more than $232,000 in losses that he incurred on his Class Period purchases of 10,250 shares of CIIG common stock, all of which were exchanged for shares of Arrival common stock upon completion of the Merger. Thus, Mr. Lioubinine has a substantial financial interest that will ensure the vigorous prosecution of investors' claims.[2]

In addition to asserting the largest financial interest, Mr. Lioubinine readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. Mr. Lioubinine is a sophisticated investor with experience operating a business, investing in the public stock markets, and overseeing outside counsel.[3] In addition, Mr. Lioubinine fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this Action. *See id*. ¶¶ 1, 3, 8.

Mr. Lioubinine has also demonstrated his adequacy through his selection of Bernstein Litowitz as proposed Lead Counsel for the Class. After discussing the Arrival securities class

---

[2] Mr. Lioubinine's PSLRA-required Certification is provided as Exhibit A to the Declaration of Avi Josefson in Support of the Motion of Alexandre Lioubinine for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel (the "Josefson Decl."). In addition, a chart presenting calculations of Mr. Lioubinine's losses is provided as Exhibit B to the Josefson Decl.

[3] *See* Declaration of Alexandre Lioubinine in Support of His Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel, Josefson Decl., Ex. C ¶ 2.

action with several law firms that specialize in representing shareholders in securities class action lawsuits, Mr. Lioubinine selected Bernstein Litowitz based, in significant part, on its established track record of achieving substantial recoveries for the benefit of investors. *See id*. ¶¶ 5-7. Bernstein Litowitz is eminently qualified to prosecute this Action and has extensive experience in securities fraud litigation, which will benefit the Class here. Based on Mr. Lioubinine's superior financial interest and his commitment and ability to oversee this Action, Mr. Lioubinine respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## SUMMARY OF THE ACTION

Arrival purports to manufacture and distribute commercial EVs, including vans, cars, and buses. Founded as a private company in 2015, Arrival set out to produce small-to-medium scale, highly automated and technologically advanced manufacturing facilities, known as microfactories. According to the Company, its proprietary in-house developed components, materials, software, and robotic technologies, combined with low capital expenditures and rapidly scalable microfactories, enable Arrival to produce EVs that are competitively priced relative to traditional vehicles powered by fossil fuels, and with a substantially lower total cost of ownership for customers.

Arrival became a publicly traded company through a merger with CIIG, a special purpose acquisition company, or "SPAC." A SPAC is a shell or "blank check" company formed for the sole purpose of raising money through a public offering to eventually acquire one or more companies. On November 18, 2020, the start of the Class Period, Arrival and CIIG announced the proposed Merger, through which Arrival would become a publicly traded company. On March 24, 2021, Arrival completed the Merger with CIIG, and, the next day, shares of Arrival common stock began publicly trading on NASDAQ.

3

The Action alleges that throughout the Class Period, Defendants made false and misleading statements and failed to disclose that: (1) the progress of the development of Arrival's microfactories was not proceeding as planned and the Company was experiencing far greater capital and operational expenses to deploy its microfactories and manufacture EVs than represented; (2) significant cost overruns called into question the sustainability of the Company's business model; (3) the Company's publicly disclosed estimates of its costs, production and sales volumes, revenue, and rollout deadlines were not achievable; and (4) as a result of the foregoing, the Company could not capitalize on or achieve profitability or provide meaningful revenue in the time periods represented and additional financing would be required to support Arrival's operations. Accordingly, the Company materially overstated its financial and operational position and prospects. As a result of these misrepresentations, shares of Arrival stock traded at artificially inflated prices throughout the Class Period.

The truth began to emerge on November 8, 2021, when Arrival announced disappointing financial results for the third quarter of 2021, including a substantially greater net loss and adjusted EBITDA loss compared to the same quarter in the prior year. The Company also significantly reduced its 2022 outlook regarding its microfactory rollout, revenue, and vehicle production volumes, disclosing that it "expects significantly lower vehicle volumes and revenue in 2022" and that the Company's previous forecasts "should no longer be relied upon." Moreover, Arrival revealed that it was incurring significant cost overruns that caused it to delay its production and sales timelines. This news caused Arrival's stock price to decline by $4.91 per share, or 27.6%, closing at $12.88 per share on November 9, 2021.

Then, on November 17, 2021, Arrival announced a $200 million offering of green convertible senior notes due 2026, in order to finance the development of its EVs and associated

infrastructure. That same day, the Company also announced the commencement of an underwritten public offering of 25 million ordinary shares, in an effort to raise more than $330 million in cash to support its business. These announcements stand in stark contrast to the Company's prior representations touting Arrival's "strong cash generation" and "high profitability," including that "the capital investment for Arrival's microfactories is estimated to be 50% less than" a traditional production facility, and that "lower operating expenditures associated with its microfactories" would lead to "market-leading profitability." As a result of these disclosures, Arrival's stock price declined by $2.52 per share, of approximately 19%, to close at $10.73 per share on November 17, 2021.

## ARGUMENT

### A.     Mr. Lioubinine Should Be Appointed Lead Plaintiff

Mr. Lioubinine respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for selecting the Lead Plaintiff in class actions under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As discussed below, Mr. Lioubinine believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.     Mr. Lioubinine's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On December 22, 2021, two investors filed the above-captioned securities class action in this District asserting claims under Sections 10(b) and 20(a) of

5

the Exchange Act against Defendants. That same day, counsel for those investors published a notice on *Globe Newswire*, alerting investors to the pendency of the Action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is February 22, 2022. *See* Josefson Decl., Ex. D.[4] Accordingly, Mr. Lioubinine's motion is timely.

### 2. Mr. Lioubinine Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Lioubinine should be appointed Lead Plaintiff because he believes that he has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Mr. Lioubinine sustained losses of more than $232,000 on his Class Period purchases 10,250 shares of CIIG stock, all of which were exchanged for shares of Arrival common stock upon completion of the Merger. Mr. Lioubinine is unaware of any other movant seeking Lead Plaintiff appointment that has a larger financial interest in the outcome of the litigation. Accordingly, as a qualified movant with the largest financial interest, Mr. Lioubinine is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff to represent the Class in this litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Mr. Lioubinine Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Lioubinine satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make a preliminary showing that it satisfies

---

[4] On January 12, 2022, the *Sanchez* action was filed against the same Defendants in the Eastern District of New York, asserting nearly identical claims during an identical class period. *See Sanchez*, ECF No. 1. The filing of that action does not alter the deadline to seek appointment as Lead Plaintiff in this case. *See Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 622-23 (E.D. Wis. 2009) (noting that where "more than one action on behalf of a class asserting substantially the same claim or claims has been filed, only the plaintiff in the first-filed action need file a notice" and "[o]nce notice has been filed, potential lead plaintiffs have sixty days to file a motion to serve as lead plaintiff of the purported class").

Rule 23's typicality and adequacy requirements. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) (Buchwald, J.) ("[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA" and "at this stage of the litigation, only a preliminary showing of typicality and adequacy is required.") (citations and internal quotations omitted). Here, Mr. Lioubinine unquestionably satisfies both requirements.

Mr. Lioubinine's claims are typical of the claims of other Class members. "The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Id.* (citation and internal quotations omitted). Here, Mr. Lioubinine and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical. Like all other Class members, Mr. Lioubinine purchased or otherwise acquired Arrival stock during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed. *See id.*; *see also Dookeran v. Xunlei Ltd.*, 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011)). Thus, Mr. Lioubinine is a typical Class representative.

Mr. Lioubinine similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where the movant demonstrates that

7

"(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Transocean*, 272 F.R.D. at 131.

Mr. Lioubinine—an experienced and sophisticated investor—is an adequate representative of the Class. Mr. Lioubinine's substantial financial stake in the litigation provides him with the ability and incentive to vigorously represent the Class's claims. Moreover, Mr. Lioubinine's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Lioubinine and other Class members. Mr. Lioubinine submitted a sworn Certification attesting to his willingness, commitment, and desire to oversee the prosecution of this case efficiently, and separate and apart from his lawyers. *See* Josefson Decl., Ex. A. Through this Certification, Mr. Lioubinine accepts the fiduciary obligations he will assume if appointed Lead Plaintiff and will zealously represent the interests of all Class members.

To further demonstrate his ability to litigate this case in the best interests of the Class, Mr. Lioubinine submitted a Declaration, which sets forth information regarding his background, residency, and investing experience, as well as his process for determining to seek appointment as Lead Plaintiff and his selection and retention of counsel. *See* Josefson Decl., Ex. C. Specifically, Mr. Lioubinine, a 35 year old resident of Monaco, received his Bachelor of Business Administration from the University of Lausanne in Switzerland. *Id*. ¶ 2. In 2016, Mr. Lioubinine was appointed as the Chief Executive Officer of Edima SA ("Edima"), a Swiss oil trading company, and has since acquired full ownership of Edima. *Id*. Through the course of operating Edima, Mr. Lioubinine gained extensive experience working with and overseeing the work of

outside counsel in a variety of matters. *Id*. After incurring significant losses on his investments in Arrival, Mr. Lioubinine had discussions with several law firms about, among other things, the merits of the claims against Arrival, the firms' respective experience successfully prosecuting securities class actions on behalf of investors, and anticipated attorneys' fees. *Id*. ¶ 5. Mr. Lioubinine further discussed his decision to seek appointment as Lead Plaintiff in this action, and to select and retain counsel to represent him and the Class. *Id*. ¶¶ 6-7. The Declaration contains further affirmations of Mr. Lioubinine's understanding of the Lead Plaintiff's duties and responsibilities owed to the Class through his commitment to "maximize the Class' recovery from all potentially culpable parties" and "ensure that the action is litigated vigorously, efficiently, and in the best interests of the Class." *Id*. ¶¶ 4, 8. Through his Declaration and his PSLRA Certification, Mr. Lioubinine has demonstrated that he accepts the fiduciary obligations that he will assume if appointed Lead Plaintiff. *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 174 (S.D.N.Y. 2010) (appointing as lead plaintiff an individual investor who "submitted a Certification affirming his understanding of the duties owed to absent class members through his commitment to oversee the prosecution of this class action").

Finally, Mr. Lioubinine has demonstrated his adequacy through his selection of Bernstein Litowitz—a highly qualified law firm with extensive experience litigating securities class action lawsuits—to serve as Lead Counsel for the Class. Indeed, Mr. Lioubinine's due diligence prior to seeking appointment as Lead Plaintiff and retaining counsel, demonstrates that he fully appreciates the Lead Plaintiff's role under the PSLRA to supervise the prosecution of the action in the best interests of the Class. Accordingly, Mr. Lioubinine satisfies Rule 23's typicality and adequacy requirements.

### B.     The Court Should Approve Mr. Lioubinine's Selection Of Lead Counsel

The Court should approve Mr. Lioubinine's selection of Bernstein Litowitz to serve as Lead Counsel.  The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Kit Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel selection and counsel retention.") (citation and internal quotations omitted).

As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions.  *See* Bernstein Litowitz's Firm Résumé, Josefson Decl., Ex. E.  For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288-DLC (S.D.N.Y.), in which settlements totaling more than $6 billion—the second largest recovery in securities class action history and the largest in this District—were obtained for the class.  Other significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.) (recovering $2.425 billion for investors); *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659-LAP (S.D.N.Y) (recovering $1.3 billion for investors); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) (recovering $730 million for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351-RJS (S.D.N.Y) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*,

No. 09-md-2017-LAK (S.D.N.Y.) (recovering $615 million for investors); *In re Refco, Inc. Securities Litigation*, No. 05-cv-8625-JSR (S.D.N.Y.) (recovering $367 million for investors); *In re Salix Pharmaceuticals Ltd. Securities Litigation*, No. 1:14-cv-08925-KMW (S.D.N.Y.) (recovering $210 million for investors); and *In re Ambac Financial Group, Inc. Securities Litigation*, No. 08-cv-00411-NRB (S.D.N.Y.) (Buchwald, J.) (recovering $33 million for investors).[5]

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Mr. Lioubinine's selection of Bernstein Litowitz as Lead Counsel for the Class.

---

[5] Separately, Mr. Lioubinine brings to the Court's attention an order issued by the United States District Court for the Northern District of California in an unrelated action where Bernstein Litowitz has been serving as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Josefson Decl., Ex. F). Counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2. The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id.* at *2. Mr. Lioubinine is aware of the order and affirms his selection of Bernstein Litowitz. Importantly, the *Symantec* court recently granted final approval for a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz. In addition, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the *Symantec* order. *See* Order, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.") (Josefson Decl., Ex. G); Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) (Josefson Decl., Ex. H); Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-00444-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Josefson Decl., Ex. I); Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were "satisf[ied]") (Josefson Decl., Ex. J). Bernstein Litowitz was also recently appointed class counsel in *In re Myriad Genetics, Inc. Securities Litigation*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), and *In re Mattel, Inc. Securities Litigation*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), after those courts were informed of the *Symantec* order.

11

## **CONCLUSION**

For the reasons discussed above, Mr. Lioubinine respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any further relief that the Court may deem just and proper.

Dated: February 22, 2022

Respectfully submitted,

/s/ Avi Josefson
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Alexandre Lioubinine, and Proposed Lead Counsel for the Class*


D. Seamus Kaskela
Adrienne Bell
**KASKELA LAW LLC**
18 Campus Boulevard, Suite 100
Newton Square, Pennsylvania 19073
Telephone: (888) 715-1740
skaskela@kaskelalaw.com
abell@kaskelalaw.com

*Additional Counsel for Proposed Lead Plaintiff Alexandre Lioubinine*